HARRISON A. VAIL, Respondent, v. SARAH J. NEWTON, Appellant.

*Lien — foreclosure of mechanic's lien — pleading — complaint alleging consent of landlord to repairs by tenant — when money judgment against landlord not authorized — appeal from City Court of Cortland — jurisdiction.*

Appeal from a judgment of the County Court of Cortland county in favor of the plaintiff, entered on the 24th day of December, 1907, affirming a judgment of the City Court of the city of Cortland, and also from part of an order entered July 5, 1907, denying the defendant's motion for an amended return.

Judgment of the County Court affirmed, with costs. No opinion. All concurred, except Smith, P. J., dissenting in opinion, in which Kellogg, J., concurred.

SMITH, P. J. (dissenting): Section 1294 of the Code of Civil Procedure does not refer to appeals from Justices' Courts nor from the City Courts. It refers to appeals from courts of record. Section 214 of the charter (Laws of 1900, chap. 160) makes applicable to appeals from the City Court the Code provisions regulating appeals from Justices' Courts. Those provisions authorize an appeal from a judgment by default. (See Code Civ. Proc. § 3044 *et seq.*) Probably no evidence was necessary in this case. While the complaint states a cause of action for the foreclosure of a mechanic's lien, it demands a money judgment only, and the money judgment has been obtained and affirmed. That judgment cannot stand unless the allegations of the complaint deemed to be admitted are sufficient to authorize a money judgment. The complaint does not allege any promise on the part of the defendant to pay, nor any allegation assumed by the tenant to pay for her. It simply alleges her consent and authority to the tenant to make these repairs for which a lien was demanded. Now that is sufficient to authorize the lien. It does not, however, create any personal liability against the owner. This complaint probably would have been sufficient to have authorized the foreclosure of the lien, but a personal judgment against the owner of property who has not contracted the debt or authorized it to be contracted *in her behalf* is nowhere sustained by the allegations of the complaint. I think the judgment of the Justice's Court and of the County Court should be reversed. Kellogg, J., concurred.

———

Zerviah M. Burt, as Sole Surviving Administratrix, etc., of Garret A. Burt, Deceased, Appellant, v. William B. Robertson and Others, Defendants. Cassius A. Phillips, as Trustee, Respondent.— Order affirmed, with costs. No opinion. All concurred.

Nettie Cornwell and Levi B. Cornwell, Respondents, v. Benjamin Sheldon and Stephen F. Avery, as Executors, etc., of Leonard Sheldon, Deceased, Appellants. — Judgment unanimously affirmed, with costs. No opinion.

George A. Dunnigan, Appellant, v. H. R. Kathan, Respondent.— Judgment and order affirmed, with costs, upon the ground plaintiff has not performed all the conditions which are, by the terms of the contract, made precedent to the defendant's liability. All concurred, except Kellogg, J., dissenting.